### Harry G. Bradford v. John C. Clower.

1. NUNCUPATIVE WILLS—*No Particular Form of Words Necessary.*— Any words which express a clear intention to bequeath the estate to a certain person will be sufficient to pass the property. It is not necessary that the word "will" be used.

2. SAME—*What is a Sufficient Attestation.*—It is not necessary for the testator to formally require any one to witness or attest a nuncupative will. So where, after the testator had fully stated the disposition to be made of her property, she raised her hands, addressed generally those about her and said, "You all know now what I want done; that is all I have got to say," it was held that the expression was in effect a calling upon those present to remember and bear witness to the disposition she was making of her effects, and a sufficient attestation of the will.

3. TRIALS BY THE COURT—*Admission of Incompetent Testimony.*— Where a trial is before the court without a jury, the presumption is that all incompetent testimony was rejected from the final consideration, and the inquiry on appeal is, was there sufficient competent testimony to support the judgment appealed from.

Probate of a nuncupative will. Appeal from the Circuit Court of Christian County; the Hon. ROBERT B. SHIRLEY, Judge, presiding. Heard in this court at the November term, 1894. Affirmed. Opinion filed June 3, 1895.

TAYLOR & ABRAMS, attorneys for appellant.

FRANK P. DRENNAN, attorney for appellee.

MR. JUSTICE BOGGS DELIVERED THE OPINION OF THE COURT.

A paper writing purporting to be the nuncupative will of Nora Bradford, deceased, was admitted to probate by the order of the County Court of Christian County.

A hearing in the Circuit Court upon appeal by the present appellant resulted, upon a hearing before the court, in a like order in that court. The correctness thereof is questioned by this appeal.

It is complained that the Circuit Court admitted improper testimony.

We have examined these complaints in connection with the record, and find no substantial objection to the action of the court.

If it were otherwise, as the cause was heard by the court, it is to be presumed that all incompetent testimony was rejected from final consideration.

Hence, the inquiry is, was there sufficient competent testimony to support the judgment and order appealed from. Appellant admits that the deceased (his wife), on the day before she died, gave some of her property to her sisters, her nieces, and to her mother and to her husband (the appellant).

Counsel, however, insist that there is no evidence that deceased, " though she was making a will, or intended to make a will, asked any one to bear witness to her will, or used the word " will," or directed any one to carry out her wishes, but simply gave certain gifts to her mother, sisters and their children."

Speaking of nuncupative wills, it was said in Weir v. Chidester, 63 Ill. 433, " Any words that express a clear intention to give the estate to a certain person will be sufficient to pass the property. Nor is it necessary that the testator should call upon persons present by name to become witnesses. Any form of expression, however imperfectly uttered, so that it conveys to the minds of those to whom it is addressed the idea that he desires them or some one of them to bear witness to the disposition he is making of his property, will be deemed a compliance with the statute in this regard."

We have carefully read the testimony preserved in the record in the case at bar. It was, it seems to us, abundantly proven that the deceased, on the day preceding her death, while under a solemn sense of the fatal character of her illness, in the presence of her husband and his mother, her mother and father, brothers and sisters, and Ann R. Compton and Minnie Bacon, declared the disposition she wished to be made of her property after her death. She did not use the word " will," nor was it necessary that she should have done so. She did use words expressing a clear intention to bequeath her property, and this, under authority of Weir v. Chidester, *supra*, must be deemed sufficient. She did not formally require any one to witness or attest the will.

It appeared, however, from the testimony, that after she had fully stated the disposition to be made of her property she raised her hands, addressed generally those about her, and said, " You all know now what I want done; that is all I have got to say."

The Circuit Court properly, as we think, regarded this expression of the deceased as in effect calling upon those present to remember and bear witness to the disposition she was making of her effects. No more formal request to persons to witness the will was, in our judgment, necessary. Sec. 15, Chap. 148, R. S., " Wills;" Weir v. Chidester, *supra;* Harrington v. Stees, 82 Ill. 50.

There was some conflict in the testimony as to whether the will, as reduced to writing and admitted to probate, correctly stated the disposition intended to be made of certain articles by the testator.

The trial judge had superior opportunities to rightly consider and determine such controverted matters, and after consulting the record we are convinced that we ought to accept his conclusions.

The judgment and order of the Circuit Court is affirmed.